# N. Y. SUPERIOR COURT.

GARDINER L. SPOFFORD and JOSEPH L. SPOFFORD agt. THE
TEXAS LAND COMPANY and others.

*Motion to dissolve injunction — foreign corporation.*

In this case *held*, that the directors of this foreign land company, who are
to pass upon the purchase of the lands, will act, while they have in
charge the interests of the plaintiffs, as their representatives; and they
are forbidden, by a principle of law, from voting upon a proposition to
sell land to the company, in which land they have an interest, unless the
plaintiffs consent to the sale.

For these reasons the injunction should be continued, so far as it forbids
the consummation of the present arrangement for the purchase of the
Brazos, or Brazoria lands, and may be modified so as to forbid any of
the defendants who are interested in those lands from voting as directors
or acting officially in regard to any future proposition to purchase them.

Jurisdiction over the corporation being taken, at present, only for the
purposes of such injunction.

*Special Term, February*, 1876.

SEDGWICK, *J.*— I am of opinion that the purchase of the
Brazos and Brazoria lands is not beyond the corporate powers
of the Texas Land Company, by reason of the sugar planta-
tion being a part of them. It is conceded the company has
power to purchase lands " to promote immigration to Texas,
and thus facilitate the sale and purchase and settlement of
land by emigration, to introduce laborers and skilled work-
men and capitalists into the state." The production of sugar
on the lands is not an unusual method of putting them to
use. Land improved in the way suited to the climate and
soil is a greater attraction to skilled laborers and capitalists

Spofford agt. Texas Land Company.

than would be unimproved lands. But it is not necessary to decide this point.

So far as the testimony discloses the character and by-laws of the company, the stockholders, or a majority of them, are not authorized to do any corporate act. Under any circumstances, a majority of stockholders could not control any interests of any of the minority that were individual and personal rights or interests. So far as the right of the plaintiffs goes, to exercise the choice of ratifying or refusing to ratify a transaction voidable at his own will, a majority of individuals, similarly situated, cannot annul it. In the present case, the action of a majority of the stockholders would be voidable by the plaintiffs for the same reason it is alleged the action of the directors would be.

In the present case, the court should not undertake to weigh the considerations for or against the purchase, which refer only to the expediency of the purchase, whether it is likely to be profitable, or whether it will actually result in the objects which the corporation is formed to promote. Any lawful exercise of the judgment and discretion of the directors, in passing upon these matters, is final; nor, in my opinion, do the plaintiffs make out a strong case on their own side on this point. They, at least, do not show any abuse of the powers of discretion, or show that the individual defendants are not acting in actual good faith.

The plaintiffs, however, claim the benefit of a principle of law which has no regard to actual good faith, but is founded upon a restriction by the law of the powers of persons acting in a fiduciary relation, lest abuses may occur. These restrictions do not relate only to formal and technical trusts where there are trustees and *cestuis que trust*, specifically so called. This principle applies to executors, administrators, guardians, attorneys at law, general and special agents, assignees, commissioners, sheriffs, and all persons, judicial or private, ministerial or counseling, who, in any respect, have a concern in the sale of the property of others. It extends to sales by

public auction, and to judicial sales as well as to private ones, and applies to purchases, direct and indirect, in person or through an agent, or by the medium of a person who subsequently reconveys to the trustees, and to purchases made by the trustee as agent for a third person, and to purchases in which he is to have a partial interest, as well as those in which he is exclusively concerned (1 *Leading Cases in Eq.*, *p.* 209; *Fox* agt. *Macreth, and the notes to it*). In this case the directors, who are to pass upon the purchase of the lands, will act while they have in charge the interests of the plaintiffs as their representatives, and they are forbidden by the principle alluded to from voting upon a proposition to sell land to the company in which land they have an interest, unless the plaintiffs consent to the sale. The principle applies to any interest, however small (*Butts* agt. *Wood*, 37 *N. Y.*, *p.* 317).

For these reasons the injunction should be continued, so far as it forbids the consummation of the present arrangement for the purchase of the Brazos, or Brazoria lands, and may be modified so as to forbid any of the present defendants who are interested in those lands from voting as directors or acting officially in regard to any future proposition to purchase them. I do not think proper to seem to assume positive and direct jurisdiction over the corporate acts of the Texas Land Company, as it is a corporation of Texas and the corporate acts are to be competently done there under the supervision of her courts and her law. The injunction should be restricted to the officers and agents of the corporation within this state, on whom the injunction order is served, and to the individual defendants. Jurisdiction over the corporation being taken, at present, only for the purposes of such injunction.

The order to be made should be settled on notice.